```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ISIAH GREGORY,                                                      NOT FOR PUBLICATION
                         Plaintiff,
                                                                    MEMORANDUM AND ORDER
              -against-                                             18-CV-320 (PKC) (LB)

CITY OF NEW YORK,

                         Defendant.
---------------------------------------------------------------x
```
PAMELA K. CHEN, United States District Judge:

      Plaintiff Isiah Gregory, who is presently incarcerated at the Greene Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983"). By order dated January 10, 2018, the United States District Court for the Southern District of New York transferred this action to this Court. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, Plaintiff's claim against the City of New York is dismissed. 28 U.S.C. § 1915A. Plaintiff is, however, granted thirty (30) days' leave to re-plead his complaint to name the proper Defendants.

## BACKGROUND

      Plaintiff alleges that on April 25, 2015, he was in a bus accident while riding on a New York City Department of Correctional Services ("DOCS") bus from the Richmond County courthouse to the Rikers Island Correctional Facility ("Rikers Island"). Plaintiff contends that he was injured due to the bus driver's misconduct and was thereafter denied proper medical treatment for the injuries he sustained in the bus accident. (Compl., Dkt. 2, at ¶ 6.) Specifically, Plaintiff asserts that while on the bus, he was handcuffed and not provided with a seatbelt, and that he requested, but was denied, medical attention. (*Id.* at ¶¶ 6-8.) Plaintiff claims that he "was instead threatened and forced to continue to travel" while in extreme pain. (*Id.* at ¶ 7.) Plaintiff also alleges that he was injured in an earlier incident, in March 2015, when he was assaulted by a New

1

York City court officer in the Richmond County courthouse. (*Id.* at ¶ 10.) Plaintiff seeks monetary damages. (*Id.* at ¶ 17.)

## DISCUSSION

### I. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

### II. Plaintiff's § 1983 Claims

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct

2

complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Plaintiff alleges that "it was the policy and practice of New York City to authorize Correctional Officers to deny and prevent prompt medical treatment of injured persons . . . during transportatio[n] . . . ." (Compl., at ¶ 12.) "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citations omitted). A claim of municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009); *see also Monell v. Department of Social Services of N.Y.C*, 436 U.S. 658, 690-91 (1978). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). Further, a municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016).

Plaintiff's conclusory allegations, which merely recite the elements of a *Monell* claim, are insufficient to state a claim for municipal liability. *See, e.g., Giaccio v. City of N.Y.*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim where the plaintiff identified, "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability" (internal quotations omitted)); *Weaver v. City of N.Y.*, 13-CV-20 (CBA) (SMG), 2014

WL 950041, at *7 (E.D.N.Y. Mar. 11, 2014) ("[V]ague and conclusory assertions are not sufficient to state a claim of municipal liability under *Monell*."). Even construing all relevant factual allegations in the complaint in Plaintiff's favor, the complaint is devoid of any specific allegations that could lead to the inference that an official City policy, practice, or custom caused Plaintiff's alleged constitutional injuries.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is given thirty (30) days' leave to file an amended complaint naming proper defendants regarding his claims of denial of medical care, gross negligence, and the alleged use of excessive force by a Richmond County Court Officer.

Plaintiff is informed that if he elects to file an amended complaint, he must name as proper defendants those individuals who had some personal involvement in the conduct he alleges in the amended complaint, and he must also provide relevant dates. *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). If Plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual.

Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that Plaintiff includes in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to respond to this order, or fails to do so in a timely manner, the action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

    */s/ Pamela K. Chen*
    PAMELA K. CHEN
    United States District Judge

Dated: Brooklyn, New York
       April 3, 2018