UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ISAIAH GREGORY,

<div style="float:right">NOT FOR PUBLICATION</div>

Plaintiff,

<div style="float:right"><u>**MEMORANDUM AND ORDER**</u><br>18-CV-320 (PKC)</div>

-against-

CITY OF NEW YORK,

Defendant.[1]

------------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiff Isaiah Gregory, currently incarcerated at Greene Correctional Facility, brings this *pro se* action alleging violations of 42 U.S.C. § 1983 and seeks damages for injuries he allegedly sustained while riding as a passenger in a New York City Department of Correction bus. On April 3, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed his claim against the City of New York for failure to state a claim upon which relief may be granted. Plaintiff was granted leave to re-plead his complaint to name proper defendants regarding his claims of denial of medical care, gross negligence, and the use of excessive force by a Richmond County Court Officer. Plaintiff's amended complaint filed on May 30, 2018, fails to cure the deficiencies noted in the Court's prior order. Accordingly, Plaintiff is granted a final opportunity to re-plead his complaint, as detailed below.

---

[1] The Court notes that Plaintiff references the following Defendants in the body of the complaint (though not in the caption): the New York City Department of Correction and John Doe, Correction Officer. Accordingly, the Court will consider Plaintiff's allegations against these Defendants, despite the failure of Plaintiff to name them in the caption.

## BACKGROUND

Plaintiff alleges that on April 25, 2014,[2] he was injured while riding in a Department of Correction bus from the Richmond County Courthouse to the Rikers Island Correctional Facility ("Riker's Island"). (Am. Compl., Dkt. 9, at ¶ 6.) Plaintiff alleges that he was injured due to the bus driver's misconduct, which resulted in an accident with a private passenger vehicle in Queens. (*Id*. at ¶¶ 6-7.) Plaintiff asserts that while on the bus, he was improperly handcuffed and not provided with a seatbelt. (*Id*. at ¶ 7.) Plaintiff claims that he was thereafter denied proper medical treatment for the injuries he sustained in the bus accident and was "forced to continue to travel to Rikers' Island while in extreme physical pain and duress." (*Id*. at ¶ 8.) Plaintiff also alleges that he was injured when he was assaulted by a New York City court officer in the Richmond County Courthouse. (*Id*. at ¶ 10.) Plaintiff seeks monetary damages in the amount of $1 million in compensatory damages, $500,000 in "Exemplary damages in favor of Plaintiff," reasonable attorney fees, and other relief as the Court deems appropriate. (*Id*. at ¶ 19.)

## DISCUSSION

### I.     Standard of Review

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citation omitted). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and

---

[2] The Court notes that in the Complaint (Dkt. 2), Plaintiff alleges that the accident occurred on April 25, 2015, *i.e.*, one year later.

the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## II.     Plaintiff's § 1983 Claims

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

### A.  Defendant New York City Department of Correction

To the extent that Plaintiff seeks to name the New York City Department of Correction ("DOC") as a defendant[3], the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City

---

[3] The Court construes Plaintiff as asserting claims against the DOC based on the DOC bus driver's alleged misconduct and the alleged denial of medical care at Riker's Island.

of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The DOC is an agency of the City of New York that lacks an independent legal existence and is not a suable entity. *See, e.g., Glover v. New York City Dept. of Correction*, No. 15-CV-1723, 2015 WL 3466990, at *2 (E.D.N.Y. June 1, 2015) (noting that DOC and other City agencies lack "independent legal existence" and are not suable entities). Thus, any action alleging illegal or unconstitutional conduct by the DOC can only be brought against the City of New York.

**B. Defendant City of New York**

Each of Plaintiff's claims against the City of New York ("City")—alleging (i) denial of medical treatment at Riker's Island, (ii) misconduct of the DOC bus driver or any Defendant, and (iii) use of excessive force by a Richmond County Court Officer—fails to state a claim upon which relief may be granted.

i. Alleged Denial of Medical Treatment at Riker's Island

Plaintiff alleges that, "[i]t is the policy and practice of NYCDOC to authorize Correctional Officers to deny and/or prevent prompt medical treatment of injured person(s) . . . during transportation. . . ." (Dkt. 2, at ¶ 12). "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of municipal liability requires that plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that

is officially promulgated by a municipality's policy makers. *Anthony v. City of New York,* 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). Further, a municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016).

Here, Plaintiff's conclusory allegations, which merely recite the elements of a *Monell* claim, are insufficient to state a claim for municipal liability. *See Giaccio v. City of N.Y.*, 308 Fed. Appx. 470, 472 (2d Cir. 2009) (affirming dismissal of a *Monell* claim where plaintiff identified, "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent and widespread as to justify the imposition of municipal liability" (internal quotations omitted)); *Treadwell v. Cty. of Putnam,* No. 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [p]laintiff's alleged constitutional injuries", but instead merely "detail[ed] an isolated series of incidents"). Construing all relevant factual allegations in the amended complaint in Plaintiff's favor, the amended complaint is devoid of any specific allegations that could lead to the inference that an official City policy, practice, or custom caused Plaintiff's alleged constitutional injuries.

Plaintiff, therefore, has failed to allege a claim against the City for the alleged denial of medical treatment at Riker's Island.

## ii. Alleged Misconduct of DOC Bus Driver

Liberally construed, Plaintiff's claim alleges that the DOC John Doe bus driver violated his rights under the Fourteenth Amendment (if Plaintiff was a pretrial detainee at the time), or the Eighth Amendment (if he was a convicted inmate), by his deliberate indifference to Plaintiff's safety. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Because it is not clear from the complaint whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of accident, the Court will consider the applicable standards under both the Eighth and Fourteenth Amendments.

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged, objectively, is sufficiently serious; and (2) the official, subjectively, is deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The question under the Eighth Amendment is thus "whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

For claims arising under the Fourteenth Amendment, a plaintiff similarly must plead both an objective and subjective element. The objective element requires an inmate to allege conditions that, "either alone or in combination, pose an unreasonable risk of serious damage to his health. . . ." *Darnell*, 849 F.3d at 30 (internal quotation marks and citations omitted). The subjective element requires that a pretrial detainee show that the official "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The subjective prong for a deliberate indifference claim under the

Fourteenth Amendment is defined objectively, *i.e.*, whether a reasonable officer would or should have known that the condition posed an excessive risk to health or safety. *Id.*

Merely negligent conduct causing unintended loss or injury to life, liberty, or property is not sufficient to state a claim under the Fourteenth or Eighth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials). Further, a negligent motor vehicle accident, in and of itself, is not actionable under 42 U.S.C. § 1983. *Jabbar v. Fischer*, 683 F.3d 54, 58-59 (2d Cir. 2012) (failure of prison officials to provide seatbelt did not, without more, violate the Eighth or Fourteenth Amendments). Otherwise, "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983." *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436-437 (S.D.N.Y. 2004) (citation and internal quotation marks omitted).

Here, Plaintiff simply alleges that while riding on the DOC bus, he was not properly secured with a seatbelt. Plaintiff fails to plausibly suggest that any Defendant's actions were more than negligent conduct. "[N]either the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees." *Id.* at 436. *See, e.g., Lynch v. Jane Doe Correctional Officer Blue*, No. 14-CV-6919, 2016 WL 831969, at *4-5 (S.D.N.Y. Feb. 29, 2016) (plaintiff failed to plausibly allege that officers created an excessive risk of harm to her safety and consciously disregarded that risk and therefore plaintiff's Eighth Amendment claim based on her injury in government van was dismissed); *but cf. Cuffee v. City of New York*, No. 15-CV-8916, 2017 WL 1232737, at *7 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 1134768 (Mar. 27, 2017) (an "in-custody plaintiff injured during transport may . . . state a deliberate-indifference claim if he or she alleges facts in addition to the absence of seatbelts and

reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that defendants were aware of those conditions.").

Plaintiff, therefore, has failed to state a claim against the City based on the conduct of the DOC bus driver or the bus accident.

### iii. Alleged Excessive Force by Richmond County Court Officer

Plaintiff claims that he was subjected to excessive force by a John Doe Richmond County Court Officer. However, Plaintiff fails to plead any factual allegation in support of this claim. Plaintiff, therefore, has failed to state a claim of excessive force against the City or any individual defendant.

## **CONCLUSION**

Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. In light of Plaintiff's *pro se* status, however, he is granted a second and final opportunity to file an amended complaint within thirty (30) days in order to name proper defendants regarding his claims of denial of medical care, gross negligence, and excessive force. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").

If Plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, identify their place of employment, and to the best of his ability describe each individual and the role he or she played in the alleged deprivation of his rights. Plaintiff must clarify the date that the events occurred. Plaintiff is reminded that each Defendant must be named in the caption of the complaint. The amended

complaint must be captioned "Second Amended Complaint" and bear the same docket number as this order.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.  If Plaintiff fails to amend his complaint within 30 days as directed by this order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*_____
PAMELA K. CHEN
United States District Judge

Dated: June 21, 2018
       Brooklyn, New York