UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ISIAH GREGORY,

                Plaintiff,

      -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTION; NYC
CORRECTIONS OFFICER LEECOCK; STATE OF
NEW YORK; NEW YORK STATE DEPARTMENT
OF COURT OFFICERS; RICHMOND COUNTY
COURT OFFICERS JOHN DOE AND JOHN DOE,

                Defendants.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-CV-320 (PKC)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Isiah Gregory, currently incarcerated at the Greene Correctional Facility, brings this *pro se* action alleging violations of the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983"), and seeks damages for injuries he allegedly sustained while riding as a passenger in a New York City Department of Correction bus. By memorandum and order dated April 3, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed his claim against the City of New York for failure to state a claim upon which relief may be granted. The Court granted Plaintiff leave to re-plead his complaint to name proper Defendants regarding his claims of denial of medical care, gross negligence, and the use of excessive force by a Richmond County Court officer. Plaintiff's amended complaint, filed on May 30, 2018, failed to cure the deficiencies and Plaintiff was granted a final opportunity to re-plead his complaint.

        For the reasons stated below, Plaintiff second amended complaint, filed on September 10, 2018, is dismissed against Defendants City of New York, the New York City Department of

Correction, the State of New York, the New York State Department of Court Officers,[1] and Correction Officer Leecock. Plaintiff's claim for excessive force against Defendants John Does, who are Richmond County Court officers, will proceed, once the officers are identified.

## BACKGROUND

Plaintiff alleges that on April 25, 2014, he was injured while riding in a Department of Correction bus, driven by Defendant Leecock, as he was transported from the Richmond County Criminal Court to Rikers Island Correctional Facility ("Rikers Island"). (Second Amend. Compl., Dkt. 13, at ECF 3-4.) Plaintiff asserts that Defendant Leecock was driving the bus in an "erratic, reckless and negligent manner" when the bus collided with a motor vehicle. (*Id.* at ECF 4.) Immediately following the accident, Plaintiff alleges that he was denied medical care, however, he was seen by a physician later that day when he arrived at Rikers Island. (*Id.* at ECF 4, 8.) Plaintiff further alleges that on March 9, 2015, he was assaulted by John Does, who are Richmond County Court officers. Plaintiff maintains that the officers threw him to the floor, and kicked and punched him while he was restrained. (*Id.* at ECF 4-5.) Plaintiff seeks monetary damages.

## DISCUSSION

**I.     Plaintiff's § 1983 Claims**

    **A. Defendant New York City Department of Correction**

    Section 1983 provides that:

    [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

    42 U.S.C. § 1983.

---

[1] It is unclear to the Court exactly which state agency Plaintiff is referring to. The Court, however, has assumed, for the sake of argument, that he is seeking to describe a state agency.

For the reasons noted in the Court's June 21, 2018, memorandum and order, Plaintiff's claim against the New York City Department of Correction ("DOC") based on the DOC bus driver's alleged misconduct and the alleged denial of medical care immediately following the accident is dismissed. The DOC is an agency of the City of New York that lacks an independent legal existence and is not a suable entity. *See, e.g., Perez v. City of New York*, No. 17-CV-366, 2017 WL 684186, at *2 (E.D.N.Y. Feb. 21, 2017) (noting that DOC lacks independent legal existence and is not a suable entity).

**B. Defendants State of New York and New York State Department of Court Officers**

The Eleventh Amendment bars a suit in law or equity in federal court by a citizen of a state against that state, absent the state's consent to such a suit or Congressional abrogation of immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Furthermore, state agencies serve as an arm of the state and are, therefore, entitled to Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 124 (1984). Here, Plaintiff asserts that the State of New York is responsible for the conduct of all agencies under its control and the New York State Department of Court Officers is responsible for the conduct of the John Doe officers named in the second amended complaint. (Second Am. Compl., at ECF 3). The Eleventh Amendment bars Plaintiff's claims against the State of New York, and to the extent that the New York State Department of Court Officers is a state agency, it serves as an arm of the state and is similarly entitled to Eleventh Amendment immunity.

**C. Defendant City of New York**

**1. Alleged Denial of Medical Treatment at Riker's Island**

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality."

*Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009); *see also Monell v. Department of Social Services of N.Y.C,* 436 U.S. 658, 690-91 (1978). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York,* 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). Additionally, a municipality may not be held liable under Section 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, No. 15-CV-194, 2016 WL 4446126, at *3 (E.D.N.Y. Aug. 18, 2016).

Plaintiff alleges that, "[i]t is the policy and practices of the New York City to authorize Correctional Officers to deny and prevent prompt medical treatment of injured person . . . during transportation trips to and from Court." (Second Am. Compl., at ECF 5). However, Plaintiff sets forth no facts in support of his claim for municipal liability. His conclusory allegations, which merely recite the elements of a *Monell* claim, are insufficient to state a claim for municipal liability. *See e.g., Treadwell v. Cty. of Putnam,* No. 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused Plaintiff's alleged constitutional injuries" but instead merely "detail[ed] an isolated series of incidents"). Plaintiff, despite being given two opportunities to state a claim against the City of New York, has failed to do so. His second amended complaint is devoid of any specific allegations that could lead to the inference that an official City policy, practice, or custom caused Plaintiff's alleged constitutional injuries.

### 2. Alleged Misconduct of DOC Bus Driver

Plaintiff further alleges that he was injured as a result of the negligence of Defendant Leecock, because Leecock drove the bus in an "erratic, reckless and negligent manner." (Dkt. 13 at ECF 4). Allegations of negligence by prison officials, however, do not rise to the level of a constitutional violation under the Eighth Amendment (if the plaintiff is a convicted inmate) or the Fourteenth Amendment (if the plaintiff is a pretrial detainee). *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment).

A negligent motor vehicle accident, in and of itself, is not actionable under Section 1983. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (failure of prison officials to provide seatbelt did not, without more, violate the Eighth or Fourteenth Amendments). Otherwise, "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983." *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436-37 (S.D.N.Y. 2004) (citation and internal quotation marks omitted). *See, e.g., Lynch v. Jane Doe Correctional Officer Blue*, No. 14-CV-6919, 2016 WL 831969, at *4 (S.D.N.Y. Feb. 29, 2016) (explaining that because plaintiff failed to plausibly allege that officers created an excessive risk of harm to her safety and consciously disregarded that risk, plaintiff's Eighth Amendment claim based on her injury in the van is dismissed). Plaintiff fails to plead any facts that plausibly

suggest that Defendant Leecock's actions were anything more than negligent conduct, and Plaintiff therefore fails state a claim against Defendant Leecock for the April 24, 2014, bus accident.[2]

### 3. Alleged Misconduct by John Doe Court Officers

Plaintiff alleges that on March 9, 2015, he was assaulted by two John Doe court officers, who allegedly threw Plaintiff to the floor and kicked and punched him causing injuries. Plaintiff's claim against the John Doe Officers survives *sua sponte* review and will proceed. *See Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 430 (S.D.N.Y. 2012) (noting that to prevail on a § 1983 claim of excessive force, a plaintiff must show that the defendant used physical force against him that was objectively unreasonable in the circumstances).

### **CONCLUSION**

The Court directs that Plaintiff's claims presented in the second amended complaint are dismissed against the City of New York, the New York City Department of Correction, the State of New York, the New York State Department of Court Officers, and Defendant Leecock. *See* 28 U.S.C. § 1915A. No summons shall issue as to these Defendants.

The Court directs that in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court hereby requests the Office of the New York State Attorney General to ascertain the full names of the court officers, who are alleged to have been involved in the March 9, 2015, incident at the Richmond County courthouse involving two or more court officers.

---

[2] The Court notes that Plaintiff's original complaint alleges that the bus accident occurred on April 25, 2015. Yet both the amended complaint and second amended complaint allege that the accident occurred on April 25, 2014. Plaintiff further attaches documentation to his second amended complaint, which reflects that he was treated on April 25, 2014, at Riker's Island, for injuries sustained in a bus accident. Accordingly, any claims arising from the April 25, 2014, accident appear to be time-barred. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (§ 1983 actions filed in New York are subject to a three-year statute of limitations, which generally accrue when a plaintiff knows or has reason to know of the injury which is the basis of his action).

Plaintiff describes one of the court officers as a "supervisor" and as a white male in his late 40's and weighing approximately 240 pounds. The next court officer is described as a bald, white male, approximately 35 years old and weighing approximately 170 pounds. The Office of the New York State Attorney General is to provide the full name of the John Doe officers and the addresses where these individuals can currently be served; the government need not undertake to defend or indemnify these individuals at this juncture.

The Court requests that the Office of the New York State Attorney General produce the information specified above regarding the identities of the John Doe Defendants and the addresses where they can be served to the Court within forty-five (45) days from the date of this Order; once they have has been identified, Plaintiff's complaint shall be deemed amended to reflect the full names of these individuals as Defendants, summonses shall issue, and the Court shall direct service on these Defendants. Service of a copy of this Order shall be made by the Clerk of this Court by mail, together with a copy of the petition, to the Attorney General of the State of New York, and the District Attorney of Richmond County, and by mailing a copy of this order to Plaintiff.

This action is referred to Magistrate Judge Vera M. Scanlon for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
September 18, 2018